IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JANET PERDUE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 1:18cv221-MR-WCM |
| ) | |
| SANOFI-AVENTIS U.S. LLC, ) | |
|     Defendant. ) | |

## CLERK'S TAXATION OF COSTS

This closed employment discrimination matter is before the Clerk on a Bill of Costs filed by Defendant sanofi-aventis U.S. LLC (Doc. 40) requesting costs in the total amount of $19,846.99. Plaintiff Janet Perdue has filed an Objection to Defendant's Bill of Costs (Doc. 41), Defendant has filed a Response thereto (Doc. 43), and the matter is ripe for disposition.

It should be noted at the outset that the parties do not dispute that Defendant is the prevailing party in this matter for purposes of Rule 54 of the Federal Rules of Civil Procedure and Local Civil Rule 54.1. Defendant is thus presumptively entitled to recover its reasonable and allowable costs pursuant to the applicable federal and local civil procedure rules. *See* Rule 54(d)(1), Fed. R. Civ. P. (providing that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party"); LCvR 54.1(a) (providing that "[a] prevailing party may request the Clerk of Court to tax allowable costs, other than attorney fees, in a civil action as a part of a judgment or decree by electronically filing a bill of costs"); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (recognizing that the language of Rule 54(d)(1) gives rise to a "presumption that costs are to be awarded to the prevailing party") (citations omitted).

1

As recognized by the Fourth Circuit, "[c]osts may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award." *Cherry*, 186 F.3d at 446 (citation omitted). A prevailing party's request for costs may be denied, for example, where there has been "misconduct by the prevailing party worthy of a penalty." *Id.* (citation omitted). Another circumstance justifying a denial of costs to the prevailing party is "the losing party's inability to pay;" that is, where the losing party is "of such modest means that it would be unjust or inequitable to enforce Rule 54(d)(1) against [him or] her." *Id.* at 447. Here, Plaintiff contends that there would be an element of injustice in a presumptive cost award to Defendant because she "pursued the case in good faith, the law governing the issue of job shares as reasonable accommodations was difficult [to] discern and [she] does not have the financial means to pay the award." Doc. 42 at 1. As discussed below, all of Plaintiff's arguments in opposition to a presumptive cost award are unpersuasive.

First, the Fourth Circuit has recognized that a losing party's "good faith in bringing her lawsuit cannot entitle her to relief from the presumptive taxation of costs provided by Rule 54(d)(1)." *Cherry*, 186 F.3d at 446. Indeed, "[w]ere this to be a proper independent basis for denial of costs, it would 'frustrate' the operation of Rule 54(d)(1) because the losing party in most cases has acted in good faith." *Id.* (citation omitted).

A review of the record also does not support Plaintiff's contention that this case was particularly close or difficult. To the contrary, the record reflects that all of Plaintiff's claims—both for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and for wrongful discharge in violation of North Carolina public policy—were resolved by pretrial motion. *See* Doc. 29 (granting Defendant's motion for summary judgment on all claims and denying Plaintiff's motion for partial summary judgment); *see also Farrar & Farrar Dairy, Inc. v. Miller-*

2

*St. Nazianz, Inc.*, 2012 WL 776945, at *3 (E.D.N.C. Mar. 8, 2012) (noting that "[a] case resolved via summary judgment generally does not involve close or difficult issues that justify not awarding costs"). Moreover, although the particular facts of the case may have been somewhat unique, it is noteworthy that a trial was not required in this action and both this Court's summary judgment ruling and the Fourth Circuit's decision affirming this Court's ruling relied on long-standing employment law precedent. *See Lord & Taylor, LLC v. White Flint, L.P.*, 2018 WL 4354013, at *2 (D. Md. Sept. 11, 2018) (recognizing that "courts that have denied costs based on a case's closeness and difficulty 'generally have done so following a lengthy trial that adjudicated novel issues'") (citation omitted).

Finally, in support of her alleged modest financial means, Plaintiff has submitted a Declaration indicating that she is "unable to pay the $19,846.99 requested by Defendant in its Bill of Costs." Doc. 42-1 at 3. The Clerk has fully reviewed Plaintiff's submissions and although her Declaration does include several specific statements pertaining to her past and current financial circumstances as well as her ongoing medical obligations, she has failed to provide sufficient specific information or supporting documentation to overcome the presumption that costs should be awarded to Defendant as the prevailing party in this case. *Cherry*, 186 F.3d at 446.[1] The Clerk will therefore reject Plaintiff's modest financial means argument and proceed to review Defendant's Bill of Costs on its merits.

---

[1] For example, Plaintiff states in her Declaration that "[o]ver the last four years since my termination, I have exhausted my savings and have had to liquidate other investments." Doc. 42-1 at 3. However, no specific information is provided regarding such liquidated investments, nor does Plaintiff identify or detail the value of her remaining investments and assets. Plaintiff's Declaration also does not address whether she has an agreement with her attorneys or a third party concerning the payment of costs. Such agreements are not uncommon and several courts in this Circuit have held that the failure of a plaintiff to discuss any such agreements forecloses an argument that the payment of a prevailing party's costs would be unjust or inequitable. *See, e.g., Earp v. Novartis Pharmaceuticals Corp.*, 2014 WL 4105678, at *4 (E.D.N.C. Aug. 19, 2014); *Petersen v. Midgett*, 2015 WL 7681257, at *3 (E.D.N.C. Nov. 25, 2015).

3

### A. Service costs

Defendant first requests $1,725.00 in fees "for service of summons and subpoena[s]." In support of this request, Defendant has submitted a total of 15 invoices from private process service providers, each reflecting a service fee of $115.00. Six of these invoices are from Falcon Express Services, LLC for "RUSH Same Day Service Fee[s]" and the remaining nine are from Serve-One of SC, LLC for "Statewide Same Day Service Fee[s]."

Local Civil Rule 54.1 provides that "[i]tems normally taxed include: . . . Fees for service of summons, subpoena, and notices by private firms." LCvR 54.1(f)(6). However, subpoena-related fees for expedited, rush or same-day services are generally not necessary and will not be awarded by the Clerk absent approval by the Court. Moreover, because Defendant's invoices do not provide sufficient information to allow the Clerk to differentiate between each company's standard service fees and their expedited service fees, this category of requested costs will be disallowed in its entirety.

### B. Transcript costs

Defendant next requests a total of $13,730.00 in transcript costs related to nine depositions. Transcript costs are indeed recoverable under 28 U.S.C. § 1920, which provides, in pertinent part, that "[a] judge or clerk of any court of the United States may tax as costs . . . Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Local Civil Rule 54.1 reiterates this general statutory authorization and specifies that "[t]he costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's attendance fee and charge for the original transcript of the deposition . . . ." LCvR 54.1(f)(1). The Local Rule further provides that "[c]osts of the original videotape of a deposition and the appearance fee of a videographer" may be recovered "*in lieu of*

4

the costs of a transcript of the deposition." LCvR 54.1(f)(7) (emphasis added). In other words, a prevailing party is not entitled to recover costs for both a traditional court reporter and a videographer for the same deposition. Yet here, Defendant attempts to do just that with respect to six of the nine depositions. Specifically, Defendant has submitted invoices from both a traditional court reporting service and a video reporting service for the depositions of Timothy Cole, Danny Dwayne Roach, Meredith Thompson Hernandez, Caitlin Brunson Hunt, Kaitlin Santana, and Karren A. Peterson. Although the Clerk will exclude the unnecessary videographer and video transcript fees for these six depositions, the remaining deposition-related costs requested by Defendant appear to be reasonable fees for "transcripts necessarily obtained for use in the case" and will thus be awarded to Defendant in this instance.

C. **Printing/Copying costs**

Finally, Defendant requests $4,391.99 in "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Defendant has submitted three invoices in support of this request. The first two are substantially redacted invoices from DiscoverReady LLC, one requesting $2,182.80 in costs for "Tiffing/Production per GB" under the listed category of "Technology Fees" and the other requesting an additional $1,572.90 in costs for "TIFF Conversion." The third invoice is from The Lex Group VA in the amount of $636.29. This invoice appears to be for outside consultant work related to the preparation of Defendant's appellate brief in the Fourth Circuit and includes, *inter alia*, a $175.00 consultation fee and a $200.00 paralegal fee.

None of the costs requested in these three invoices are appropriately taxed under Rule 54(d)(1) of the Federal Rules of Civil Procedure or Local Civil Rule 54.1. *See, e.g.*, Local Rule 54.1(g) (providing, in pertinent part, that "[i]tems normally not taxed include: . . . (5) Costs for

5

computer-aided legal research including paralegal charges and computerized indices or optical discs produced for counsel's benefit; . . . [and] (9) Costs for extraction and/or electronic configuration of data (e-mails) for the convenience of counsel absent any agreement among the parties pertaining to these costs"). The Clerk will therefore disallow Defendant's entire request for $4,391.99 in "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Moreover, insofar as Defendant contends that it is entitled to reimbursement for these and other costs pursuant to Rule 68, Fed. R. Civ. P. based on Plaintiff's rejection of Defendant's Rule 68 Offer of Judgment, such a request should be decided by the Court in the first instance, as Defendant's Bill of Costs has been resolved by the Clerk based solely on Rule 54 of the Federal Rules of Civil Procedure and Local Civil Rule 54.1.

### D. Conclusion

In the end, then, the following table sets forth the specific costs requested by Defendant and the total amounts ultimately awarded to Defendant in the Clerk's taxation of costs:

| **Cost/Expense Description** | **Requested** | **Awarded** |
|---|---|---|
| **Transcript Fees** | | |
| Copy of transcript of deposition of Deborah Anderson | $1,037.10 | $1,037.10 |
| Copy of transcript of deposition of Timothy Alan Cole | $919.20 | $919.20 |
| Videotape of deposition of Timothy Cole | $787.50 | 0 |
| Copy of transcript of Danny Dwayne Roach | $557.10 | $557.10 |
| Videotape of deposition of Danny Dwayne Roach | $740.00 | 0 |
| Copy of Transcript of deposition of Merideth Thompson Hernandez | $943.50 | $943.00 |
| Videotape of deposition of Merideth Thompson Hernandez | $1,045.00 | 0 |
| Original transcript of deposition of Caitlin Brunson Hunt | $1,185.75 | $1,185.75 |
| Videotape of deposition of Caitlin Brunson Hunt | $775.00 | 0 |
| Original transcript of deposition of Dr. Amy Welcome | $1,053.95 | $1,053.95 |
| Copy of transcript of deposition of Kaitlin Margaret Santana | $1,079.80 | $1,079.80 |
| Videotape of deposition of Kaitlin Santana | $785.00 | 0 |
| Original transcript of Karren A. Peterson | $712.20 | $712.20 |
| Videotape of deposition of Karren A. Peterson | $300.00 | 0 |
| Original transcript of deposition of Janet Perdue | $1808.90 | $1,808.90 |
| **Exemplification/Copying Fees** | **0** | **0** |

| | | |
|---|---:|---:|
| Invoice 190301920 from DiscoverReady LLC | $2,182.80 | 0 |
| Invoice DR10344 from DiscoverReady LLC | $1,572.90 | 0 |
| Invoice 34796 from The Lex Group VA | $636.29 | 0 |
| **Subpoena Fees** | **0** | **0** |
| Subpoena served on Dr. Andrew Rampey | $115.00 | 0 |
| Subpoena served on Dr. Caroline Price | $115.00 | 0 |
| Subpoena served on Dr. Anjani Jammula | $115.00 | 0 |
| Subpoena served on Jervey Eye Group | $115.00 | 0 |
| Subpoena served on Dr. Kimberly Halloway | $115.00 | 0 |
| Subpoena served on Madora Howell (documents) | $115.00 | 0 |
| Subpoena served on Madora Howell (deposition) | $115.00 | 0 |
| Subpoena served on Webster University | $115.00 | 0 |
| Subpoena served on Dr. Amy Welcome | $115.00 | 0 |
| Subpoena served on Dr. Suhail Kumar | $115.00 | 0 |
| Subpoena served on Dr. Amy Treece | $115.00 | 0 |
| Subpoena served on Dr. Stephen Gardner | $115.00 | 0 |
| Subpoena served on Dr. Mitchell Wolin | $115.00 | 0 |
| Subpoena served on Karren Peterson (documents) | $115.00 | 0 |
| Subpoena served on Karren Peterson (deposition) | $115.00 | 0 |
| **Total** | **$19,846.99** | **$9,297.00** |

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that costs in the total amount of **$9,297.00** are **AWARDED** to Defendant pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1.

Any party may request review of the Clerk's Taxation of Costs by electronically filing a motion with the Court within seven (7) days after entry of this Order, pursuant to Local Civil Rule 54.1(e).

Signed: September 29, 2022

Frank G. Johns, Clerk
United States District Court